MEMORANDUM OPINION
{¶ 1} On August 22, 2005, appellant, Robert Randall Davis, Sr., filed a motion for leave to appeal his judgment of conviction and sentence entered on August 20, 2003. Thus, appellant's motion was filed over two years after the judgment was entered by the trial court.
 {¶ 2} App.R. 5(A) provides, in relevant part:
 {¶ 3} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."
 {¶ 4} In his motion, appellant claims that the reason for failing to perfect a timely appeal is that he did not realize that his trial counsel was not going to file a notice of appeal on his behalf.
 {¶ 5} Given that over two years elapsed between the time of appellant's conviction and sentence until the filing of his motion for leave to appeal, it is evident that appellant was not diligent in taking the proper steps to protect his own rights. Further, the reason submitted by appellant as the cause for the delay does not adequately justify waiting over two years to attempt to initiate a direct appeal. Surely, a defendant who is incarcerated in the state correctional institution must realize that he cannot wait over two years to file an appeal.
 {¶ 6} Accordingly, it is ordered that appellant's motion for leave to file a delayed appeal is hereby overruled.
 {¶ 7} Appeal dismissed.
Rice, J., concurs,
O'Neill, J., dissents with Dissenting Opinion